UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| NATHANIEL JOHNROSS WEIBEL,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 5:17-CV-05072-JLV<br><br>REPORT AND RECOMMENDATION REGARDGING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUSANT TO 28 U.S.C. § 2255 (DOC. 1) |

**INTRODUCTION**

This matter is before the court on Petitioner Nathaniel Weibel's petition for habeas relief pursuant to 28 U.S.C. § 2255. (Doc. 1). A preliminary ruling by the district court dismissed or deferred all claims asserted by Mr. Weibel, except one. (Doc. 35). Mr. Weibel asserts in his remaining claim that his counsel at the time of sentencing was ineffective under the Sixth Amendment of the United States Constitution for failing to file an appeal on his behalf.

An evidentiary hearing on the remaining claim was held on Thursday, November 7, 2019. Due to technical difficulties, the hearing was unable to be concluded before Petitioner was returned to custody. Therefore, the hearing was continued and concluded on Thursday, November 21, 2019. On both dates, Petitioner was present via video conference from Tucson, Arizona, where he is presently incarcerated. Petitioner was represented by his attorney of record, Ellery Grey. The Government was represented by the Assistant United

States Attorney Sarah Collins.  Two witnesses testified at the hearing, and two exhibits were received into evidence.

## JURISDICTION

The pending matter was referred to the Magistrate Judge for the holding of an evidentiary hearing and a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and Chief Judge Jeffrey L. Viken's Standing Order dated April 1, 2018.

## RECOMMENDATION

It is respectfully recommended that Petitioner's remaining claim on his petition for habeas relief regarding ineffective assistance of counsel be dismissed with prejudice.

## FACTUAL BACKGROUND

A prior Report and Recommendation (Doc. 26) was issued by United States Magistrate Judge Veronica Duffy regarding the various issues originally raised by Mr. Weibel in his present habeas petition.  The recitation of facts in that prior Report and Recommendation is incorporated herein by reference. The following additional facts are based on the testimony and exhibits received at the evidentiary hearing held on November 7, 2019, and November 21, 2019.

Only two witnesses testified at the hearing: Mr. Weibel and his trial counsel at sentencing, Thomas Diggins.  The testimony of both witnesses were factually similar, but differed on the key issue of whether or not Mr. Weibel requested Mr. Diggins to file an appeal on his behalf.

2

## I.    Undisputed Facts

Attorney Gary G. Colbath, Jr. was originally appointed to represent Mr. Weibel.  Following Mr. Colbath's resignation from the Rapid City Federal Defender's office, and subsequent withdrawal from the case, Assistant Federal Public Defender Erin S. Bolinger, was appointed as substitute counsel.  While Ms. Bolinger was representing Mr. Weibel, a plea agreement was entered into with the Government.  Through the plea agreement, Mr. Weibel plead guilty to a charge of Attempted Enticement of a Minor Using the Internet in violation of 18 U.S.C. §§ 2422(b) and 2427.  As part of that plea agreement, Mr. Weibel agreed to a waiver of defenses and appeal rights to all non-jurisdictional issues. The district court accepted Mr. Weibel's plea of guilty on March 14, 2017.

Following the entry of the plea agreement, Ms. Bolinger withdrew from Mr. Weibel's case and Assistant Federal Public Defender Thomas M. Diggins was appointed as substitute counsel.  Mr. Diggins noticed his appearance on Mr. Weibel's case on April 25, 2017.  Mr. Diggins began working for the Federal Public Defender's Office the month prior, in March of 2017.  Previously, Mr. Diggins worked as a public defender with the Pennington County Public Defender's Office and had represented Mr. Weibel on related state charges stemming from the same criminal activity for which he was federally indicted.[1]

---

[1] Mr. Diggins testified that he believed the state court charges were dropped when Mr. Weibel was indicted federally.  After Mr. Diggins became an Assistant Federal Public Defender, he represented Mr. Weibel at the federal level throughout Mr. Weibel's sentencing, but after Mr. Weibel had already entered a plea of guilty.

A presentence investigation report ("PSR") was filed which calculated a total offense level of 39 and a criminal history category of VI, which resulted in a guideline imprisonment range of 360 months to life. During Defendant's sentencing, Chief Judge Jeffrey L. Viken varied downward from the guideline range and sentenced Mr. Weibel to 300 months custody and lifetime supervised release. Towards the end of the sentencing hearing, Mr. Weibel had an outburst and was removed from the courtroom. Chief Judge Viken instructed Mr. Diggins to notify his client that he had fourteen days to appeal the sentencing decision. Following the sentencing hearing, Mr. Diggins sent a letter to Mr. Weibel which stated the deadline for filing an appeal of the sentence would be July 5, 2017. (Ex. A). Furthermore, the letter stated Mr. Diggins would visit Mr. Weibel in person before June 28, 2017, to discuss his right to appeal. Id.

## II.    Notes Taken by Mr. Diggins

Mr. Diggins's notes reflect he visited Mr. Weibel on June 26, 2017, at the Pennington County Jail where he advised Mr. Weibel of his appeal rights.[2]  (Ex. B). Mr. Weibel does not contest this visit occurred, or that Mr. Diggins discussed his right to appeal. Mr. Diggins's notes referencing his June 26, 2017, meeting with Mr. Weibel have two stars emphasizing two notes on the bottom of the first page. Mr. Diggins testified that he uses a note with a star

---

[2] Mr. Diggins testified that "w/Δ @ PCJ" was shorthand for "with Defendant at Pennington County Jail." Mr. Diggins further testified that "adv. re appeal rts" was shorthand for "advised appeal rights." Mr. Diggins testified that these notations were made during his visit with Mr. Weibel at the Pennington County Jail.

for two reasons: (1) either something is very important; or (2) it denotes something Mr. Diggins needs to complete or follow up on at a later time. The first starred note stated the Defendant wanted the sentencing transcript[3] and made a notation underneath that note that said "appeal nec." Mr. Diggins testified that he had no doubt in his mind that "appeal nec" was referring to a question to ask Scott McGregor regarding whether an appeal was necessary to obtain the sentencing transcripts and was not intended to denote that an appeal was necessary in general or was being requested by the Defendant.[4] Mr. Diggins's notes further state he met with Scott McGregor who told him to write to Judy Thompson[5] to obtain copies of the sentencing transcript.[6] The second starred note from the June 26, 2017, meeting asks, "what is needed for habeas." Mr. Diggins testified he later met with Scott McGregor who advised him no appeal was necessary for a § 2255 habeas petition to be filed, to which he made a note reflecting the same, underneath the question asking what was needed to file a habeas petition.

Mr. Diggins's notes state that on June 28, 2017, Mr. Weibel left a voicemail asking Mr. Diggins to bring a copy of the PSR[7] and Superseding

---

[3] Mr. Diggins testified that "Δ wants sent transcript" was shorthand to denote the Defendant wanted a copy of the sentencing transcript.

[4] Mr. Diggins testified Scott McGregor is an individual in their office who routinely deals with federal appeals.

[5] Judy Thompson was the court report for Defendant's sentencing hearing.

[6] Mr. Diggins testified "w/sm" was shorthand for "with Scott McGregor" – indicating those notes were taken during his follow up conversation with Scott McGregor, who Mr. Diggins testified advised him an appeal was not necessary to obtain sentencing transcripts.

[7] Mr. Diggins's notes say "PSI" which Mr. Diggins testified referred to the PSR. PSI is the common abbreviation used in state court for the same Presentence Investigation Report, commonly referred to as a PSR in federal court.

Indictment to their next meeting.[8]  On June 30, 2017, Mr. Diggins's notes again state he met with the Defendant at the Pennington County Jail.  Those notes further state he brought copies of the Indictment/Superseding Information and PSR to the Defendant and advised him he could not take the copies back to prison, which the Defendant understood.  Those notes also included another star which served as a reminder for Mr. Diggins to call the State's Attorney Office to see if they had dropped the charges of Simple Assault against Mr. Weibel.[9]  The notes also state Mr. Diggins advised Mr. Weibel to call him on July 5th, 2017, to check on the status.  When questioned regarding what it meant to have Mr. Weibel "check on the status," Mr. Diggins testified that he advised Mr. Weibel to call him regarding the status of the pending state charges.[10]  He further testified setting the date for Mr. Weibel to call him on July 5th, 2017, the same date as the deadline for the appeal, was just a coincidence, in that, he likely chose the date because it was the day after the 4th of July, a day in which Mr. Diggins was out of the office.  Mr. Diggins further testified it is not his practice to have clients call him regarding the status of a notice of appeal, because a defendant would automatically receive a copy of those documents when an appeal is filed.

---

[8] Mr. Diggins testified that "Δ vsmg" was shorthand to denote the Defendant left him a voice message.

[9] Mr. Diggins testified "call SAO re ↓ SA" was shorthand for calling the State's Attorney Office regarding whether they had dropped the Simple Assault state charges against Mr. Weibel resulting from an altercation with another inmate in the Pennington County Jail.

[10] Mr. Diggins testified he sought to have the state charges cleared up before Mr. Weibel was transferred to a federal correctional facility.

### III.    Testimony of Mr. Weibel

Where the testimony of Mr. Weibel and Mr. Diggins differs, centers on the key issue of whether or not Mr. Weibel instructed Mr. Diggins to file an appeal on his behalf.  Mr. Weibel testified that he discussed wanting an appeal in his first meeting with Mr. Diggins post-sentencing.  Mr. Weibel further testified that Mr. Diggins stated he was not sure how to file an appeal because Mr. Weibel had waived his appeal rights when he entered into his plea deal.  Mr. Weibel testified that Mr. Diggins suggested filing a § 2255 habeas petition against himself as the attorney because he was unsure how to proceed with an appeal, despite Mr. Weibel's alleged multiple requests for Mr. Diggins to file an appeal.  Mr. Weibel testified that when he realized his notice of appeal had not been filed, he wrote to then-serving Federal Public Defender, Neil Fulton, to express his concerns.  Mr. Weibel further testified that once he learned the notice of appeal had not been filed, he filed the present § 2255 habeas petition after he arrived at his present federal correctional facility.

### IV.    Testimony of Mr. Diggins

Contrary, Mr. Diggins testified that he advised Mr. Weibel of his right to appeal both via the letter and in person, but that he had no recollection of Mr. Weibel ever requesting an appeal in any of their meetings.  Mr. Diggins testified that he believed he discussed the appeal waiver with Mr. Weibel and informed Mr. Weibel that any appeal would likely be dismissed.  Mr. Diggins also testified that he did not believe an appellate waiver in the plea agreement would have caused him not to file a notice of appeal if Mr. Weibel had asked

Mr. Diggins to do so.  Further, Mr. Diggins testified that, based on his notes, he believed he advised Mr. Weibel that a § 2255 habeas petition could be an avenue of relief sought for ineffective assistance, not against himself, but against Erin Bolinger regarding her representation of Mr. Weibel during plea negotiations.  Mr. Diggins was cross-examined regarding his understanding that certain claims need to be first brought on appeal or are deemed waived in subsequent habeas proceedings.[11]

Mr. Diggins was also cross-examined about his newness to the federal system at the time of Mr. Weibel's sentencing and how Mr. Weibel's sentencing was one of Mr. Diggins's first federal sentencings.  Although Mr. Diggins admitted that waivers to the right of appeal are not typically included in plea agreements at the state level, he further testified that his understanding of the standard of appeal in state proceedings also applied to federal proceedings. Mr. Diggins was candid that, had one been filed, Mr. Weibel's case would have been his first federal appeal.  However, Mr. Diggins testified that it had been his understanding since 1998, the year he started criminal defense work, and nineteen years before Mr. Weibel's sentencing, that if the client requests the attorney to appeal, that is always the client's choice, and it is the attorney's obligation to file an appeal, even if the attorney believes the appeal has no merit.  When questioned whether there was something about the appeal

---

[11] The court notes that the doctrine of procedural default never applies to claims of ineffective assistance of counsel brought for the first time in a habeas petition.  See Massaro v. United States, 538 U.S. 500 (2003) ("An ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal.").

process that would make him not want to file an appeal, such as difficulty or exhaustive time, Mr. Diggins responded in the negative.

## DISCUSSION

### I.    Petitioner's Remaining Ineffective Assistance of Counsel Claim Should be Properly Dismissed

Both Magistrate Judge Veronica Duffy and Chief Judge Jeffrey L. Viken have previously set forth in great detail the law applicable to Mr. Weibel's claim that Mr. Diggins was ineffective under the Sixth Amendment for failing to appeal on his behalf.  (Docs. 26, 35).  That discussion is incorporated herein by reference.

Turning first to the credibility issue, the court finds that the testimony of Mr. Diggins is credible and Mr. Weibel's testimony is not.  Mr. Diggins is an experienced criminal defense attorney.  He is approaching 100 jury trials dating back to 1997.  Mr. Diggins is an attorney in good standing with the South Dakota State Bar and the U.S. District Court for the District of South Dakota.  Mr. Diggins's manner and demeanor in testifying support the court's crediting of his version of events.  Additionally, Mr. Diggins's understanding of a Defendant's unfettered right to appeal from state court proceedings, further credits his testimony that despite being new to the Federal Public Defender's Office, he would have filed an appeal if instructed to do so, even if he believed the appeal would have had no merit.

Accordingly, the court concludes that Mr. Weibel's remaining habeas claim must fail because the evidence does not support Mr. Weibel's allegation that he asked Mr. Diggins to appeal.  However, even if the court were to credit

Mr. Weibel's testimony at the hearing, the legal conclusion of this court would be the same: Mr. Weibel cannot prevail on his claim of ineffective assistance of counsel for failure to file an appeal. Mr. Weibel has made no showing that he intended to have Mr. Diggins appeal any jurisdictional issues and Mr. Weibel waived his right to appeal non-jurisdictional issues in his plea agreement. Furthermore, Mr. Weibel was sentenced to 60 months *below* the *minimum* end of his sentencing guideline range.

A defendant wishing to appeal "must have made 'manifest' [his] desire to appeal by expressly instructing [his] attorney to appeal." Nupdal v. United States, 666 F.3d 1074, 1076 (8th Cir. 2012) (quoting Barger v. United States, 204 F.3d 1180, 1182 (8th Cir. 2000)). Furthermore, a "bare assertion by the petitioner that [he] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." Barger, 204 F.3d at 1182 (internal citation omitted).

In Barger, petitioner's version of the facts included testimony that she told her attorney within the appeal period that she wanted to appeal, and in response, the attorney told petitioner he would research potential appeal issues and "be in touch." Id. Barger further testified that approximately two weeks after sentencing, she reiterated her desire for an appeal, to which counsel responded he did not believe there were any grounds for an appeal. Id. Barger then testified that she told her attorney she still wanted to file an appeal regardless of the attorney's opinion. Id. The Eighth Circuit Court of Appeals held petitioner's desire to appeal was not made "manifest" to the attorney and

any ineffective assistance of counsel claim based on the failure to appeal was without merit.  <u>Barger</u>, 204 F.3d at 1182.

The facts as related by Mr. Weibel are similar to the facts in <u>Barger</u> in this respect: the question of whether an appeal would be pursued was ambiguous and left without a definitive resolution.  Mr. Weibel testified he told Mr. Diggins that he wanted to appeal but stated Mr. Diggins said he would "have to find a way around [the appeal waiver]."  Like Barger, Mr. Weibel testified he continued to insist upon an appeal despite Mr. Diggins's advice regarding Mr. Weibel's waiver of appeal.  This evidence, like the exchange that took place in Barger, does not prove a clear manifestation of a desire to appeal on Mr. Weibel's part to Mr. Diggins.  Mr. Weibel's testimony rests only on his "bare assertion" that he made a request, which is not enough to support a grant of habeas relief.  Accordingly, even under Mr. Weibel's version of the facts, the court would conclude that no habeas relief is warranted.

## CONCLUSION

Based on the foregoing, this court respectfully recommends Petitioner's remaining claim on his petition for 28 U.S.C. § 2255 habeas relief (Doc. 1) regarding ineffective assistance of counsel be dismissed with prejudice.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.

11

Objections must be timely and specific in order to require *de novo* review by the District Court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 5th day of December, 2019.

BY THE COURT:

DANETA WOLLMANN
United States Magistrate Judge